## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JOE HAND PROMOTIONS, INC.,
     Plaintiff,

           v.

THERAN AUGUSTINE, LAISSEZ FAIRE
GLOBAL LLC d/b/a LAISSEZ FAIRE
SEAFOOD BAR & GRILL, and MARILYIN
LYONS-AUGUSTINE,
     Defendants.

Civil Action No.
1:21-cv-02323-SDG

### OPINION AND ORDER

Before the Court are Plaintiff Joe Hand Promotions, Inc.'s (Joe Hand) application for default judgment against Defendants Laissez Faire Global LLC (d/b/a Laissez Faire Seafood Bar & Grill) (Laissez Faire) [ECF 27] and summary judgment motion against Marilyn Lyons-Augustine (Lyons-Augustine) [ECF 28]. After careful consideration and for the following reasons, the application for default judgment [ECF 27] is **DENIED**. The Clerk is **ORDERED** to **VACATE** the entry of default against Laissez Faire. Joe Hand's summary judgment motion [ECF 28] is **GRANTED**. Defendant Theran Augustine (Augustine) is **DISMISSED** pursuant to Fed. R. Civ. P. 4(m).

## I.      Background

### A.      Facts

Joe Hand filed this action to recover for "the unauthorized interception and publication of a copyrighted fight program (*Deontay Wilder vs. Tyson* Fury)" (the Program), which aired on December 1, 2018.[1] In its two-count Amended Complaint, Joe Hand insists that Laissez Faire published the fight to an audience of its patrons without Joe Hand's authorization in violation of the Communications Act of 1934, 47 U.S.C. § 605, *et seq.*, and the Cable & Television Consumer Protection and Competition Act of 1992, *id.* § 553, *et seq.* (collectively, Count I), as well as the Copyright Act, 17 U.S.C. § 101, *et seq.* (Count II).[2] For their role as alleged co-owners of Laissez Faire,[3] Joe Hand asks the Court to hold Augustine and Lyons-Augustine jointly and severally liable with Laissez Faire as to Count I, and to award it statutory damages, enhanced damages, and attorney's fees.[4]

---

[1]      *See generally* ECF 11; *see also* ECF 18, at 1.

[2]      ECF 11, ¶¶ 5, 14, 16, 18–25; ECF 18, at 2.

[3]      ECF 11, ¶¶ 7–8.

[4]      *Id.* at 7–8; ECF 18-3, at 1.

**B.      Procedural History**

Joe Hand filed its initial complaint against Augustine and Laissez Faire on June 7, 2021.[5] Joe Hand attempted to serve Augustine and Laissez Faire with process to no avail.[6] On July 1, Joe Hand successfully served Laissez Faire via substituted service on the Georgia Secretary of State.[7]

On July 14, Joe Hand filed the Amended Complaint.[8] The Amended Complaint names Lyons-Augustine, in addition to Augustine and Laissez Faire.[9] According to the certificate of service attached to Joe Hand's Amended Complaint, Joe Hand served Laissez Faire with the Amended Complaint via e-filing and mail to the same address at which it initially failed to serve Laissez Faire.[10] On July 20, Joe Hand successfully served the Amended Complaint on Lyons-Augustine.[11]

On July 29, Joe Hand requested that the Clerk enter default against Laissez Faire based specifically on its substituted service of the *initial complaint* on

---

[5]     ECF 1.

[6]     ECF 5; ECF 6; ECF 7.

[7]     ECF 10.

[8]     ECF 11.

[9]     *See id.*

[10]    ECF 11, at 10.

[11]    ECF 14.

Laissez Faire.[12] On August 5, Lyons-Augustine responded to Joe Hand's request for the entry of default as to Laissez Faire[13]—seemingly (but not obviously) on Laissez Faire's behalf—and simultaneously filed an answer disclaiming ownership of or "any legal ties" to Laissez Faire.[14] The Clerk entered default as to Laissez Faire on August 18.[15] On September 20, Joe Hand filed a motion for an extension of time to effect service upon Augustine,[16] which the Court granted on September 21.[17]

On February 7, 2022, after a period of inactivity in the case, the Court ordered Joe Hand to show cause why it had failed to serve Augustine within the extension of time it requested.[18] On February 22, Joe Hand responded,[19] and filed an application for default judgment against Laissez Faire[20] and a summary

---

[12]  ECF 15-1, ¶ 3.

[13]  ECF 16.

[14]  ECF 17, at 2.

[15]  Aug. 8, 2021 D.E.

[16]  ECF 22.

[17]  ECF 23.

[18]  ECF 25.

[19]  ECF 29.

[20]  ECF 27. Joe Hand makes a cursory mention of Count II in its motion for default judgment against Laissez Faire, but it does not address the law supporting Laissez Faire's liability for copyright infringement. *See generally* ECF 27-2.

judgment motion against Lyons-Augustine as to Count I of the Amended Complaint only.[21] To date, Joe Hand has not served Augustine with either the original or amended complaint.[22]

## II.   Threshold Procedural Issues

The Court will first address a few procedural issues in an effort to clarify what remains unresolved in this litigation.

### A.   Serving the Amended Complaint on Laissez Faire

In the certificate of service appended to the Amended Complaint, Joe Hand certifies that it electronically served Laissez Faire with the Amended Complaint.[23] Service cannot be made on a *party* through e-filing, only on its counsel. Fed. R. Civ. P. 5(b)(2)(E); *accord* LR 5.1(A)(3), NDGa. Separately, Rule 5 does not require service of an amended pleading on "a party who is in default for failing to appear." Fed. R. Civ. P. 5(a)(2). But to apply either of Rule 5's relevant subsections here would require Joe Hand to have electronically served counsel for Laissez Faire or Laissez

---

[21]   *See generally* ECF 28. While Joe Hand styles its motion against Lyons-Augustine as an application for default judgment, it is in fact a summary judgment motion pursuant to Fed. R. Civ. P. 56. Joe Hand neither mentions nor briefs Count II in its motion for summary judgment against Lyons-Augustine. *See generally* ECF 28-1. Accordingly, the Court deems Count II as having been abandoned.

[22]   ECF 29.

[23]   ECF 11, at 10.

Faire to have been in default at the time the Amended Complaint was served on it electronically. Neither is the case.

Other factors also counsel against a finding that Joe Hand's service of the Amended Complaint on Laissez Faire was proper, even if Joe Hand's claims remained fundamentally unchanged. First, in addition to its faulty attempt at electronic service on Laissez Faire, Joe Hand mailed the Amended Complaint to the same ineffectual address at which it could not effect traditional service of the initial complaint on Laissez Faire.[24] There is no indication on this record that Laissez Faire could be reached at that address, and Joe Hand makes no attempt to persuade the Court otherwise.

Second, as noted above, Joe Hand never sought leave of the Court to file the Amended Complaint. Therefore, the Amended Complaint had yet to be accepted by the Court when it was purportedly served on Laissez Fair. More fundamentally, Joe Hand's motion for the Clerk's entry of default against Laissez Faire was premised entirely on its substituted service of the initial complaint, which is no longer the operative complaint.[25]

---

[24]   *Compare* ECF 11, at 10 *with* ECF 6 *and* ECF 7.

[25]   ECF 15.

Finally, though Rule 4(h) allows service of process on corporations "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," Fed. R. Civ. P. 4(h), service of the Amended Complaint on Lyons-Augustine does not constitute service on Laissez Faire.

At the time Joe Hand served Lyons-Augustine, it adduced no facts establishing that Lyons-Augustine was an officer or qualifying agent to accept service of process for Laissez Faire under Rule 4(h). Even now, Joe Hand relies only on Lyons-Augustine's failure to respond to its September 9 requests for admission, in which it asked her whether she "advertised [herself] as an owner of [Laissez Faire] on [her] Facebook profile."[26] True, Rule 36 provides that matters propounded in a request for admission are deemed admitted if unanswered within 30 days, Fed. R. Civ. P. 30(a)(3), and Lyons-Augustine appears not to have responded to Joe Hand's request. However, that Lyons-Augustine admitted she advertised herself to be an owner of Laissez Faire does not prove she *is* an owner, let alone a managing agent or other agent for service. Joe Hand has neither shown

---

[26]    ECF 28-3, at 4.

nor persuasively argued that Lyons-Augustine was authorized to accept service for Laissez Faire.

Joe Hand's application for default judgment against Laissez Faire is **DENIED**,[27] and the Court **ORDERS** the Clerk to **VACATE** the entry of default against Laissez Faire. The Court also **ORDERS** that Joe Hand serve the now-operative Amended Complaint upon Laissez Faire via a method that complies with Fed. R. Civ. P. 4 within 14 days after entry of this Order. If service is not made upon Laissez Faire within 14 days of entry of this order, it will be dismissed from this case.

As the Amended Complaint is operative upon the entry of this order, Laissez Faire shall have 21 days after service of the Amended Complaint to respond. Fed. R. Civ. P. 15(a)(3). If Laissez Faire fails to do so, Joe Hand may then move for the Clerk's entry of default.

## B. "Dismissing" the Summons and Representing a Corporation *Pro Se*

Though it is difficult to determine on whose behalf Lyons-Augustine addressed the Court in her August 5 filing, it appears that she attempted to

---

[27]  ECF 27.

represent Laissez Faire and herself.[28] In the filing, which she styles as a "motion/answer," Lyons-Augustine moves to "dismiss" the Summons she received, which she calls an "order," and responds to Joe Hand's request that the Clerk enter default against Laissez Faire.[29]

As a preliminary matter, the Summons is not subject to dismissal at all. The Summons is merely the Court's official notice to Lyons-Augustine that a lawsuit has been filed against her, and of her procedural rights and obligations.[30] That Lyons-Augustine responded reveals the Summons was effective for that purpose. Therefore, the Court declines to dismiss it.

Pleadings filed *pro se* are to be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (cleaned up). To the extent Lyons-Augustine's motion could be construed as a general denial of the Complaint, general denials of all allegations in a complaint are almost never appropriate under the Federal rules of Civil Procedure, which apply to this case. Though the Federal Rules permit them in

---

[28]   *See generally* ECF 16.

[29]   *Id.* at 2–3.

[30]   *Id.* at 3 ("A lawsuit has been filed against you. Within 21 days . . . you must serve on the plaintiff an answer . . . or a motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure.").

limited circumstances, such as when the defendant wishes to controvert each and every allegation in the complaint, Fed. R. Civ. P. 8(b)(3), a defendant may not use this form of denial unless it intends to challenge every allegation in a complaint, including the allegations upon which a Court's jurisdiction depends. *Dlamini v. Babb*, No. 1:13-CV-2699-WSD, 2014 WL 2808220, at *3 (N.D. Ga. June 20, 2014) (citing Fed. R. Civ. P. 8(b)(3)). So, the Court denies Lyons-Augustine's motion on this basis, too.

To the extent that Lyons-Augustine intended to oppose entry of default against Laissez Faire or attempted to answer on its behalf, her effort has no legal effect. There is no indication on the docket that Lyons-Augustine is an attorney, and non-attorney individuals cannot represent corporate entities in legal proceedings in this Circuit. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel."). Therefore, Lyons-Augustine's filing must be disregarded to the extent she is attempting to represent Laissez Faire.[31]

---

[31]   ECF 16.

### C.     Failure to Serve Augustine

After the extension of time to serve Augustine lapsed,[32] the Court ordered Joe Hand to show cause why he had not been served.[33] *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant . . . ."). In response, Joe Hand asks that the Court "refrain from dismissing this case."[34] However, because Joe Hand "made many attempts" to serve Augustine and "none of those attempts were successful,"[35] Augustine is **DISMISSED** from this action pursuant to Rule 4(m).

## III.   Summary Judgment Against Lyons-Augustine

With the procedural issues settled, only Joe Hand's summary judgment motion against Lyons-Augustine as to Count I of the Amended Complaint remains to be decided. Federal law prohibits intercepting or receiving (or assisting in intercepting or receiving) a "service offered over a cable system, unless specifically authorized to do so." 47 U.S.C. § 553(a)(1). It also generally prohibits the

---

[32]   ECF 23.

[33]   ECF 25.

[34]   ECF 29, at 2–3.

[35]   *Id.* at 2.

unauthorized interception and publication of radio communications, and unauthorized receipt of such communications for one's own benefit. *Id.* § 605(a). Private rights of action exist for violations of these laws, and both are implicated in Count I of the Amended Complaint. *Id.* §§ 553(c), 605(e).

### A.   Legal Standard

A district court must grant summary judgment where the record reflects "no genuine dispute as to any material fact" and where "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it can affect the outcome of the lawsuit under the governing legal principles. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, a district court must view the evidence in the light most favorable to the non-moving party and draw "all justifiable inferences" in the non-moving party's favor. *Anderson*, 477 U.S. at 255; *see also Herzog v. Castle Rock Entm't*, 193 F.3d 1241, 1246 (11th Cir. 1999). A district court is not permitted to make credibility determinations or weigh evidence, however, as these are jury functions. *Anderson*, 477 U.S. at 255. *See also Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999).

The moving party bears the burden of demonstrating that summary judgment is appropriate. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). "Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Id.* This is true even if the motion is unopposed, as in this case. *Reese v. Herbert*, 527 F.3d 1253, 1269 (11th Cir. 2008) ("[D]istrict court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits.") (quoting *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101–03, 1103 n.6 (11th Cir. 2004)). Where, as here, a motion for summary judgment is unopposed, "[t]he district court need not *sua sponte* review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials. At the least, the district court must review all of the evidentiary materials submitted in support." *Prop. Located at 5800 SW 74th Ave.*, 363 F.3d at 1101–02 (citations omitted).

## B.    Lyons-Augustine's Direct Liability

Joe Hand seeks relief under Section 605, which provides that "[n]o person not being authorized by the sender shall intercept any radio communication and

divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person." 47 U.S.C. § 605(a). "As an alternative to its claim under Section 605, [Joe Hand] seeks to recover under [Section 553]," which implicates unauthorized broadcasts "offered over a cable system." 47 U.S.C. § 553(a)(1).

Because Lyons-Augustine did not oppose the summary judgment motion, the facts underpinning each of Joe Hand's alternative theories of liability in Count I are admitted. LR 56.1(B)(2)(a)(2), NDGa. Thus, the practical differences between Section 553 and 605 are immaterial in this case.[36] To prove violations of these statutes at summary judgment, Joe Hand must show that there is no dispute of material fact that Lyons-Augustine "(1) intercepted or received the Program, (2) did not pay for the right to receive or to exhibit the Program, and (3) displayed the Program to patrons of its commercial establishment." *Joe Hand Promotions, Inc. v. Roussell*, No. 1:18-cv-3752-MHC, 2019 WL 5273962, at *2 (N.D. Ga. Jan. 30, 2019).

---

[36] The Court notes there is a circuit split concerning whether Sections 553 and 605 cover both satellite transmissions and cable programming transmitted over a cable network. *See Joe Hand Promotions, Inc. v. Jones*, No. 1:18-cv-3702-TCB, 2019 WL 5280971, at *2 (N.D. Ga. Apr. 18, 2019) (following reasoning from Third and Seventh Circuits and holding that "[Section] 605's plain language prohibits commercial establishments from intercepting and broadcasting satellite programming, while § 553 addresses interceptions that occur through a cable network"). The Eleventh Circuit has yet to address this issue. *Id*.

*See also J & J Sports Prods., Inc. v. Khin*, No. 1:15-cv-3180-MHC, 2016 WL 9046677, at *3 (N.D. Ga. Mar. 31, 2016); *J & J Sports Prods., Inc. v. Just Fam, LLC*, No. 1:09-cv-03072-JOF, 2010 WL 2640078, at *2 (N.D. Ga. June 28, 2010). Courts have additionally held that "willfulness under section 605 is established by the fact that an event is broadcast without authorization." *J&J Sports Prods., Inc. v. Space Millennium 2013, LLC*, No. 1:15-cv-1768-MHC, 2015 WL 13357907, at *3 (N.D. Ga. Sept. 17, 2015); *accord Joe Hand Promotions, Inc. v. Blanchard*, No. 4:09-cv-100, 2010 WL 1838067, at *4 (S.D. Ga. May 3, 2010).

Joe Hand owned the exclusive distribution rights to the Program.[37] On December 1, 2018, the Program was received at Laissez Faire through a satellite signal or cable system, or it was streamed through the internet and displayed for Laissez Faire's patrons.[38] Laissez Faire was required to pay Joe Hand a commercial licensing fee of $1,450.00 to display the Program, but it did not.[39] Laissez Faire could seat 100 patrons, and therefore had the capacity to show the Program to 100

---

[37]   ECF 28-1, at 2; ECF 28-2, ¶¶ 1–2.

[38]   ECF 28-1, at 2; ECF 28-2, ¶ 5–6.

[39]   ECF 28-1, at 3; ECF 28-2, ¶ 9.

individuals.[40] Thus, Joe Hand has adduced facts showing each element of Sections 553 and 605 as to Laissez Faire.

Joe Hand insists Lyons-Augustine is directly liable for the above conduct.[41] It argues that direct liability for piracy "simply requires proof that the individual [d]efendant authorized the underlying violations."[42] However, its chief case, *J&J Sports Prods., Inc. v. 291 Bar & Lounge, LLC*, does not stand for that proposition. 648 F. Supp. 2d 469, 473 (E.D.N.Y. 2009). Indeed, in that case, the court declined to impose direct liability on the individual owner-defendant, noting that "even more extensive allegations of control and supervision on the part of the individual owner" of a corporate defendant were not enough for individual liability in other cases. *Id.* (citing *J & J Sports Prods. v. Daley,* No. 06–CV–238, (E.D.N.Y. Feb. 15, 2007)). That important distinction aside, Joe Hand has done what the plaintiff in *291 Bar & Lounge* did not: it alleged that Lyons-Augustine "was present for the violation, authorized or controlled it, [and] that [she] reaped commercial profit

---

[40]   ECF 28-1, at 3; ECF 28-2, ¶ 8.

[41]   ECF 28-1, at 5–6.

[42]   *Id.*

from it," regardless of whether she was an owner of Laissez Faire.[43] *Id.* Lyons-Augustine has not demonstrated a dispute of material fact as to Joe Hand's proof, so summary judgment is appropriate, and she is directly liable for the infringing Program.

### C.    Joe Hand's Damages

For the violations of 47 U.S.C. § 553 and 47 U.S.C. § 605 alleged in Count I, Joe Hand seeks statutory and enhanced damages. Where a court "determines that a defendant's conduct has violated both sections 553 and 605 of the Communications Act, a plaintiff may recover damages under only one of those sections." *Just Fam*, 2010 WL 2640078, at *2. *See also J & J Sports Prods., Inc. v. Herbelaine, Inc.*, No. 1:15-cv-1595-CC, 2016 WL 9045967, at *4 (N.D. Ga. Feb. 8, 2016) ("Recovery under both §§ 553 and 605 is not permissible."). Joe Hand has elected to pursue damages under Section 605, so the Court need not consider Section 553.

Under Section 605, the Court may award statutory damages from $1,000 to $10,000. 47 U.S.C. § 605(e)(3)(C)(i)(II). For willful violations for commercial advantage, the Court may award enhanced damages up to $100,000. *Id.*

---

[43]   ECF 28-1, at 5 ("Lyons-Augustine authorized and ***participated in*** the showing of the Program at Laissez Faire on December 1, 2018.") (emphasis added); ECF 28-2, ¶¶ 3–5, 7.

§ 605(e)(3)(C)(ii). If the violator was unaware that its acts were a violation, the Court may reduce the damages to not less than $250. *Id.* § 605(e)(3)(C)(iii).

###### 1.     Statutory Damages

Though Joe Hand seeks a fixed sum of damages—the statutory maximum available under Section 605—the Court has substantial discretion in setting the appropriate amount. *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 852 (11th Cir. 1990) (stating that courts have "wide latitude . . . in awarding statutory damages."). Here, the Program was purportedly displayed in a facility with a maximum capacity of approximately 100 people.[44] Though the Complaint and summary judgment motion are devoid of any mention of the number of Laissez Faire's customers to whom the Program was displayed, and the Eleventh Circuit has not addressed a formula for calculating Section 605 damages, courts considering this issue have awarded plaintiffs the license fee the defendant—based on its maximum capacity—would have paid had it legally obtained the license. *Joe Hand Promotions, Inc. v. McBroom*, No. 5:09-CV-276(CAR), 2009 WL 5031580, at *4 (M.D. Ga. Dec. 15, 2009) (collecting cases). The sublicensing fee Joe Hand would have charged in advance is $1,475.[45] Given these facts, and that Joe

---

[44]   ECF 28-2, ¶ 8.

[45]   *Id.* ¶ 9.

Hand makes no allegation that Lyons-Augustine was aware her acts were a violation of Section 605, the Court finds an adequate statutory damage award to be that sublicense fee of $1,475.

### 2.    Enhanced Damages

Joe Hand also seeks enhanced damages. "Under both [Section 553 and 605], the district court is given discretion to award enhanced damages where there is a finding of willful conduct done for purposes of commercial advantage or private financial gain." *Khin*, 2016 WL 9046677, at *5 (citing 47 U.S.C. §§ 553, 605). To determine if a defendant's willful conduct justifies increased damages, courts consider several factors: "(i) repeated violations over an extended period of time; (ii) substantial unlawful monetary gains; (iii) advertising of the broadcast; (iv) charging of a cover charge or premiums for food and drinks; or (v) plaintiff's significant actual damages." *Just Fam*, 2010 WL 2640078, at *3.

No facts suggest that this is anything more than a one-off infringement on Lyons-Augustine's part. It is undisputed that Lyons-Augustine promoted the display of the Program in advance via her Facebook page, presumably to attract customers, but there is no allegation that Laissez Faire charged a cover to patrons. Nor is there any indication that Laissez Faire increased the prices it charged for food or beverages during the broadcast of the Program. Nevertheless, for the

reasons detailed above, Lyons-Augustine admits she received a commercial gain from Laissez Faire's broadcast of the Program. That fact alone is sufficient to show a willful violation of Section 605, and it warrants some enhanced damages.

District courts in the Eleventh Circuit routinely calculate enhancement awards by multiplying the statutory damage amount by three. *See, e.g.,* *Joe Hand Promotions, Inc. v. Jones*, No. 1:18-cv-3702-TCB, 2019 WL 5280971, at *3 (N.D. Ga. Apr. 18, 2019); *Khin*, 2016 WL 9046677, at *5; *Herbelaine*, 2016 WL 9045967, at *5; *Blanchard*, 2010 WL 1838067, at *4; *Just Fam*, 2010 WL 2640078, at *3. "The formula of three times the statutory award is common . . . where the establishment is a first-offender, did not charge for entry, did not charge a premium on drinks or food during the broadcast, and did not advertise the broadcast." *Blanchard*, 2010 WL 1838067, at *4. Other than having advertised the Program, these rationales apply to Lyons-Augustine. As such, the Court finds that a three-times multiplier of the statutory damage award ($4,425) is appropriate and will act as a sufficient deterrent. The total damages award for Count I is therefore $5,900.

### 3.   Attorneys' Fees

Because Lyons-Augustine's liability has been established as to Count I of the Complaint, Joe Hand may be entitled to its reasonable attorneys' fees. However, Joe Hand has neither enumerated a sum of fees nor submitted evidence of the

value of its counsel's work in this case. Accordingly, the Court denies without prejudice Joe Hand's request for its attorneys' fees.

## IV.    Conclusion

Joe Hand's application for default judgment against Laissez Faire [ECF 27] is **DENIED**. The Clerk is **ORDERED** to **VACATE** its entry of default against Laissez Faire. Joe Hand's motion for summary judgment against Lyons-Augustine as to Count I [ECF 28] is **GRANTED**; Joe Hand's claim against Lyons-Augustine as to Count II is **DISMISSED without prejudice**. To the extent Joe Hand wishes to pursue Count II, within 14 days of this Order it must file a motion for reconsideration and explain why its claim against Lyons-Augustine has not been abandoned. Defendant Theran Augustine (Augustine) is **DISMISSED** pursuant to Fed. R. Civ. P. 4(m).

It is further **ORDERED** that:

(1) The Amended Complaint is operative upon the entry of this Order;

(2) Joe Hand shall serve the operative Amended Complaint upon Laissez Faire in a manner consistent with Fed. R. Civ. P. 4 within 14 days after entry of this Order, or Laissez Faire will be dismissed from this case;

    a. Laissez Faire shall have 21 days after service of the Amended Complaint, if any, to respond;

   b.  If Laissez Faire has not responded at the end of 21 days after substituted service of the Amended Complaint, Joe Hand may move for the Clerk's entry of default;

(3) Joe Hand may move for attorneys' fees with supporting declarations within 30 days after liability has been resolved on all remaining defendants and claims.

**SO ORDERED** this 19th day of September, 2022.

_____

Steven D. Grimberg
United States District Court Judge