IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC.,<br>    Plaintiff,<br><br>        v.<br><br>LAISSEZ FAIRE GLOBAL LLC d/b/a<br>LAISSEZ FAIRE SEAFOOD BAR & GRILL and<br>MARILYN LYONS-AUGUSTINE,<br>    Defendants. | Civil Action No.<br>1:21-cv-02323-SDG |

**OPINION AND ORDER**

Before the Court is Plaintiff Joe Hand Promotions, Inc.'s second motion for default judgment against Defendant Laissez Faire Global LLC (d/b/a Laissez Faire Seafood Bar & Grill) [ECF 38]. For the following reasons, Joe Hand's motion is **GRANTED IN PART** as to liability and statutory damages, and **DEFERRED** as to attorneys' fees.

**I.    BACKGROUND**

This suit arises out of a restaurant's allegedly unauthorized exhibition of a copyrighted television program (the Program) headlined by the 2018 boxing heavyweight championship match between Deontay Wilder and Tyson Fury.[1] Joe Hand alleges that it held an "exclusive domestic license" to distribute the

---

1   ECF 11, ¶¶ 5, 15.

Program,[2] and that Defendants Laissez Faire and Marilyn Lyons-Augustine pirated and published the Program to an audience of restaurant patrons without authorization.[3]

Joe Hand's 2021 amended complaint brought two counts against three parties. Count I was for satellite and cable piracy; Count II for copyright infringement.[4] Both counts were asserted against Laissez Faire, Lyons-Augustine, and former Defendant Theran Augustine.[5] Subsequently, Count II for copyright infringement was deemed abandoned as to all parties;[6] Augustine was dismissed for Joe Hand's failure to effect service;[7] and summary judgment was entered against Lyons-Augustine (only as to Count I).[8] The only remaining claim, therefore, is Count I for satellite and cable piracy against Laissez Faire. Joe Hand now seeks default judgment on that claim.[9]

---

[2]  *Id.* ¶ 5.

[3]  *Id.* ¶¶ 9, 15–16.

[4]  *Id.* at 6–7.

[5]  *Id.* ¶¶ 6–8.

[6]  Aug. 27, 2023 D.E. (deeming Count II of the amended complaint abandoned).

[7]  ECF 30, at 11.

[8]  *Id.* at 21.

[9]  ECF 38.

**II.   DISCUSSION**

Federal Rule of Civil Procedure 55 establishes a two-step process for securing a default judgment. *First*, the party seeking judgment must obtain a Clerk's entry of default, Fed. R. Civ. P. 55(a), which Joe Hand has done.[10] Entry of default under Rule 55(a) constitutes an admission of all well-pled facts in the complaint. *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). Joe Hand's factual allegations against Laissez Faire are accordingly admitted.

*Second*, upon entry of default, the proponent of the claim must move for judgment under Fed. R. Civ. P. 55(b). Default judgment is only appropriate when the complaint satisfies Fed. R. Civ. P. 12(b)(6) — when the allegations in the complaint, taken to be true, permit the plausible inference "that the defendant is liable for the misconduct alleged." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Entry of default judgment is ultimately "committed to the discretion of the district court." *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1576 (11th Cir. 1985). Here, because the operative complaint plausibly alleges Laissez Faire's liability, the Court enters default judgment against Laissez Faire for $5,350 in statutory damages. However,

---

[10]   Aug. 30, 2023 D.E. (Clerk's Entry of Default as to Laissez Faire).

for reasons that will be explained below Joe Hand's request for attorneys' fees is deferred.

### A.   The Complaint Plausibly Alleges Laissez Faire's Liability.

Joe Hand asserts that Laissez Faire is liable for piracy on two alternative bases. The first, § 605 of the Communications Act of 1934, prohibits any unauthorized person from "intercept[ing] any radio communication and … publish[ing] the … contents … of such intercepted communication to any person." 47 U.S.C. § 605(a). The second, § 553 of the Cable and Television Consumer Protection and Competition Act of 1992, prohibits the "unauthorized interception or receipt" of "any communications service offered over a cable system." 47 U.S.C. § 553(a)(1).

District courts in this circuit have consistently held that a plaintiff states a claim under both § 605 and § 533 by alleging that the defendant "(1) intercepted or received [a copyrighted broadcast]; (2) did not pay for the right to receive or to exhibit the [broadcast]; and (3) displayed the [broadcast] "to patrons of its commercial establishment." *Joe Hand Promotions, Inc. v. Roussell*, 2019 WL 5273962, at *1 (N.D. Ga. Jan. 30, 2019); *see also J & J Sports Prods., Inc. v. Khin*, 2016 WL 9046677, at *3 (N.D. Ga. Mar. 31, 2016); *J & J Sports Prods., Inc. v. Just Fam, LLC*, 2010 WL 2640078, at *2 (N.D. Ga. June 28, 2010). And Joe Hand here has plausibly

alleged all three elements: that (1) Laissez Faire "pirated" the Program,[11] (2) without paying "the proper commercial license fee,"[12] and (3) "exhibited the Program" at its restaurant to attract patrons.[13] Joe Hand is accordingly entitled to judgment by default as to liability.

### B. The Record Establishes Joe Hand's Entitlement to $5,350 in Statutory Damages.

Even where allegations are admitted for purposes of liability, courts have an "obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003). "Damages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts." *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985).

Joe Hand seeks $110,000.00 in damages,[14] to be awarded "in the discretion of the Court, plus interest, costs and attorneys' fees, pursuant to 47 U.S.C. §§ 605

---

[11] ECF 11, ¶ 15.

[12] *Id.* ¶ 11.

[13] *Id.* ¶ 15.

[14] ECF 38, at 4.

and/or 553."[15] A plaintiff may recover under *either* § 605 *or* § 553, but not both. *Just Fam*, 2010 WL 2640078, at *2. Because § 605 allows for greater damages than § 553, the Court analyzes damages under the former. Section 605 provides for statutory damages ranging from $1,000 to $10,000, with discretionary enhancements for willful conduct. 47 U.S.C. § 605(e)(3)(C). District courts have "wide latitude … in awarding statutory damages, bounded only by the statutory limits." *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 852 (11th Cir. 1990).

Here, Joe Hand's affidavits establish that the Program's commercial licensing fee for an establishment with a maximum fire code occupancy of 100 people was $1,450.[16] Affidavits further establish that the estimated maximum occupancy of Laissez Faire was between 75 and 100 people, and that the actual occupancy of Laissez Faire during the Program was between 30 and 50 people.[17] Based on that evidence, the Court finds that Laissez Faire willfully evaded payment of $1,450. The Court accordingly awards the statutory minimum of $1,000, plus triple the $1,450 fee that Joe Hand would have charged Laissez Faire to lawfully exhibit the Program, for a total of $5,350.

---

[15]   ECF 11, at 6.

[16]   ECF 28-4, at 10.

[17]   ECF 27-3, at 2.

### C. The Court Cannot Determine Joe Hand's Reasonable Attorneys' Fees.

Section 605 provides that courts "direct the recovery of full costs, including awarding reasonable attorneys' fees," to the prevailing party. 47 U.S.C. § 605(e)(3)(B)(iii). However, the Supreme Court has explained that "where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983). Thus, "[w]here the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee." *Id.*

Here, Joe Hand, though clearly the prevailing party, has only achieved limited success: It prevailed on only one of two counts, against only two of three defendants. Under *Hensley*, therefore, Joe Hand is not entitled to recover fees for hours spent on Count II, or for hours spent on claims against Defendant Augustine. But because counsel's billing records do not specify how much time was spent on which claim, the Court cannot determine Joe Hand's reasonable attorneys' fees. Joe Hand's request for fees is accordingly deferred.

### III. CONCLUSION

Joe Hand's second motion for default judgement [ECF 38] is **GRANTED IN PART** as to liability and $5,350 in statutory damages, and **DEFERRED** as to attorneys' fees. Within seven days of this Order, Joe Hand is ordered to file attorney billing records supported by the declaration of counsel that will allow the Court to calculate reasonable attorneys' fees for only the claims on which, and the defendants over which, it prevailed.

**SO ORDERED** this 6th day of August, 2024.

_____
Steven D. Grimberg
United States District Court Judge